# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

KATHRYN E. TICKNOR,

        Plaintiff,

v.               \\        Civil Action No. _____ 5:23-cv-00218

                                                                     Honorable _____

GREENBRIER HOTEL CORPORATION
d/b/a THE GREENBRIER RESORT,
OLD WHITE CLUB CORPORATION
d/b/a THE GREENBRIER HOTEL,
JOHN DOE I, and JOHN DOE II,

        Defendants.

## <u>COMPLAINT</u>

NOW COMES Plaintiff, Kathryn E. Ticknor, by and through counsel, and hereby states the following for her Complaint:

## <u>PARTIES, JURISDICTION, AND VENUE</u>

1.    Plaintiff Kathryn E. Ticknor [hereinafter "Plaintiff"], at all times relevant to this Complaint, was a resident of Wake County, North Carolina.

2.    Upon information and belief, Defendant Greenbrier Hotel Corporation d/b/a The Greenbrier Resort is, and at all times relevant hereto was, a West Virginia corporation, authorized to conduct business in the State of West Virginia and registered

with the Office of the West Virginia Secretary of State to conduct business in the State of West Virginia, with its principal office address as 101 Main Street West, White Sulphur Springs, West Virginia, 24986.

3.      Upon information and belief, Defendant Greenbrier Hotel Corporation d/b/a The Greenbrier Resort conducts business in the State of West Virginia, including owning and operating The Greenbrier Resort in White Sulphur Springs, Greenbrier County, West Virginia.

4.      Upon information and belief, Defendant Old White Club Corporation d/b/a The Greenbrier Hotel is, and at all times relevant hereto was, a West Virginia corporation, authorized to  conduct business in the State of West Virginia and registered with the Office of the West Virginia Secretary of State to conduct business in the State of West Virginia, with its principal office address as 101 Main Street West, White Sulphur Springs, West Virginia, 24986.

5.      Upon information and belief, Old White Club Corporation d/b/a The Greenbrier Hotel conducts business in the State of West Virginia, including owning and operating The Greenbrier Resort in White Sulphur Springs, Greenbrier County, West Virginia.

6.      Defendant John Doe I is a currently unidentified person, company, partnership, corporation, limited liability company, and/or other entity which was, or may have been, the owner, operator, or manager of The Greenbrier Spa at all times relevant to this Complaint and the incident described herein. Further, Defendant John Doe I was the true employer and/or principal of Defendant John Doe II at all times

2

relevant to this Complaint and the incident described herein which serves as the basis of this action.

7.      The identity of Defendant John Doe I is unknown but will be identified through discovery and formally added as a party by amendment should same be warranted.

8.      Defendant Greenbrier Hotel Corporation d/b/a The Greenbrier Resort, Defendant Old White Club Corporation d/b/a The Greenbrier Hotel, and/or Defendant John Doe I owned, operated, and/or managed a spa at The Greenbrier which charged customers for various treatments, including, but not limited to, manicures, massages, facials, and pedicures.

9.      Throughout the remainder of this Complaint, Defendant Greenbrier Hotel Corporation d/b/a The Greenbrier Resort, Defendant Old White Club Corporation d/b/a The Greenbrier Hotel, and Defendant John Doe I shall collectively be referred to as "Defendant The Greenbrier Spa."

10.      Defendant John Doe II is a currently unidentified person who is, was, or may have been, an agent and/or employee of Defendant The Greenbrier Spa at all times relevant to this Complaint and the incident described herein.

11.      The identity of Defendant John Doe II is unknown but will be identified through discovery and formally added as a party by amendment should same be warranted.

12.      The incident which gives rise to the damages suffered by Plaintiff occurred in White Sulphur Springs, Greenbrier County, West Virginia.

13.     Venue is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1391, as the events giving rise to the Plaintiff's causes of action arose in Greenbrier County, West Virginia.

14.     Jurisdiction is proper in the United States District Court for the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. §1332, as the parties to this action are citizens of different states and the amount in controversy exceeds the current jurisdictional minimum ($75,000.00).

## OPERATIVE FACTS

15.     On or about January 13, 2022, Plaintiff arrived as a guest at The Greenbrier for a several days stay with various family members to celebrate her birthday.

16.     While a guest Plaintiff scheduled and attended an appointment at Defendant The Greenbrier Spa, said appointment occurring on or about January 14, 2022.

17.     Plaintiff's spa treatment included a pedicure.

18.     During said pedicure, Defendant John Doe II used a solution on Plaintiff's feet which, upon information and belief, was designed to be a callus remover.

19.     Immediately after the solution was applied, Plaintiff complained of a burning sensation.

20.     Defendant John Doe II continued rubbing the solution onto Plaintiff's feet and ankles, despite noticing brown spots forming on Plaintiff's feet.

21.     Defendant John Doe II then dipped Plaintiff's feet into the saltwater bath.

22.     During Plaintiff's pedicure, Defendant John Doe II spread the solution all over Plaintiff's ankles and feet and left the solution on for approximately fifteen (15) to twenty (20) minutes.

23.     The solution used by Defendant The Greenbrier Spa and provided for use by Defendant John Doe II on customers is only to be administered to the bottom of a callus versus the entire foot and ankle.

24.     Further, the solution used by Defendant The Greenbrier Spa and provided for use by Defendant John Doe II on customers is only to be left on a person's callus for three (3) minutes or less.

25.     Upon information and belief, the aforementioned restrictions regarding the solution used by Defendant The Greenbrier Spa and provided for use by Defendant John Doe II on customers are because the product has a capacity to cause burns if used inappropriately.

26.     These restrictions regarding where the solution is to be administered and for how long are provided as warnings with the product to the user.

27.     Plaintiff was unaware of these restrictions nor was cautioned about same by Defendant The Greenbrier Spa and/or Defendant John Doe II.

28.     These restrictions were known, or should have been known, by Defendant The Greenbrier Spa and/or Defendant John Doe II.

29.     As a result of the actions/inactions described herein by Defendant The Greenbrier Spa and/or Defendant John Doe II, Plaintiff suffered severe and permanent injuries.

30.     Plaintiff Kathryn E. Ticknor is an innocent victim who in no way contributed to causing any injury to herself on January 14, 2022. There was nothing she could do to avoid or minimize any of the damages resulting therefrom.

31.     At the time of Plaintiff's injuries, Defendant John Doe II was an agent and/or employee of Defendant The Greenbrier Spa.

32.     At the time of Plaintiff's injuries, Defendant John Doe II was acting in the course and scope of his employment and/or agency with Defendant The Greenbrier Spa and in the furtherance of the business of Defendant The Greenbrier Spa.

33.     At the time of Plaintiff's injuries, Defendant John Doe II was acting as a spa technician under the guidance, supervision, and management of Defendant The Greenbrier Spa.

34.     At the time of Plaintiff's injuries, Defendant John Doe II was working with products and equipment supplied by and provided for his use by Defendant The Greenbrier Spa.

35.     Upon information and belief, the products and equipment supplied by and provided for Defendant John Doe II's use by Defendant The Greenbrier Spa, came with warnings and instructions regarding proper use and potential hazards of the products and equipment.

36.     The severe and permanent injuries suffered by Plaintiff were caused by the negligence, carelessness, and recklessness of Defendant The Greenbrier Spa and Defendant John Doe II.

37.     The injuries caused to Plaintiff were foreseeable by Defendant The Greenbrier Spa and Defendant John Doe II and could have been avoided had said Defendants acted in a safe and prudent manner as required by West Virginia law and in accordance with the standards, operating instructions, and warnings provided by the manufacturers of the products used on Plaintiff.

38.     At the time of Plaintiff's injuries, Defendant The Greenbrier Spa and Defendant John Doe II had a duty to act in a reasonably safe manner in the administration of spa services and treatments to its paying customers, to be aware of any warnings and prohibitions provided by the manufacturers of the products used and to which its customers would be subjected, and to provide said services and treatments in accordance with same.

39.     As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, Plaintiff Kathryn E. Ticknor suffered serious and debilitating injuries and damages, including, but not limited to, personal injuries and economic damage, both general and specific, some of which will be permanent and continue in the future.

**LIABILITY OF DEFENDANTS**

**COUNT I – Negligence of Defendant John Doe II**

40.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

41.     Defendant John Doe II had a duty to administer and provide spa treatments, including pedicures, in a safe and prudent manner in accordance with his

7

training so as not to endanger the health and welfare of Plaintiff and other paying customers of Defendant The Greenbrier Spa.

42.     This duty included knowing of the potential hazards of the products used in various spa treatments being provided to customers of Defendant The Greenbrier Spa.

43.     This duty included using products in a manner consistent with the warnings and hazards made known by the manufacturer.

44.     As a licensed nail technician, Defendant John Doe II also had a duty to perform pedicures in a safe and prudent manner consistent with all State of West Virginia license requirements regarding training, examinations, and any standards and guidelines that emanate from State of West Virginia safety regulations regarding performance of and administration of pedicures.

45.     Defendant John Doe II breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

(a)     Failing to be aware of warnings concerning the use of and manner of use of the products chosen by him for use on Plaintiff at the time of her pedicure;

(b)     Using products in direct contradiction to the warnings provided by the manufacturer;

(c)     Failing to heed warnings of harm to Plaintiff during the procedure he performed;

(d)     Failing to apply the pedicure products in a manner directed by the manufacturer;

(e)    Failing to abide by the time restrictions the pedicure products were to be applied to Plaintiff's skin;

(f)    Failing to perform a pedicure in a safe and prudent manner, thereby placing the health and well-being of the public in general, and Plaintiff in particular, in danger;

(g)    Failing to adhere to safe principles expected of licensed nail technicians;

(h)    Failing to perform a pedicure in accordance with generally accepted safety principles for licensed nail technicians;

(i)    Failing to perform a pedicure in a safe and prudent manner in view of the conditions that existed at the time of the crash;

(j)    Otherwise failing to act reasonably and prudently as a licensed nail technician should under the circumstances; and,

(k)    Such other specifications of negligence that shall be added by amendment or proven at trial.

46.    As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which she continues to suffer.

47.    Alone or in conjunction with the negligence and recklessness of Defendant The Greenbrier Spa, Defendant John Doe II's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

48.     Defendant John Doe II is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant John Doe II's negligence and recklessness.

**COUNT II –Respondeat Superior/Vicarious Liability of**

**Defendant The Greenbrier Spa**

49.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

50.     Defendant John Doe II, at all times relevant to this Complaint, was acting in the course and scope of his employment and/or agency with Defendant The Greenbrier Spa.

51.     Defendant John Doe II, at all times relevant to this Complaint, was furthering the business interests of Defendant The Greenbrier Spa.

52.     Defendant The Greenbrier Spa is liable under the doctrine of *respondeat superior*, the rules of agency, and any other applicable theory of vicarious liability for the tortious acts and omissions of its agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant John Doe II on January 14, 2022, which are described above and were committed within the course and scope of his agency or employment with Defendant The Greenbrier Spa.

53.     As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which she continues to suffer.

54.     Alone or in conjunction with the negligence and recklessness of Defendant John Doe II, Defendant The Greenbrier Spa's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

55.     Defendant The Greenbrier Spa is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant John Doe II's negligence and recklessness and/or their own independent negligence and recklessness.

## COUNT III – Negligence of Defendant The Greenbrier Spa

56.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

57.     As an employer, Defendant The Greenbrier Spa is also independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant John Doe II in connection with his work as a nail technician and for otherwise failing to act as a reasonable and prudent employer would under the same or similar circumstances.

58.     Upon information and belief, Defendant The Greenbrier Spa failed to ensure that their nail technician complied with state laws and regulations.

59.     Upon information and belief, Defendant The Greenbrier Spa failed to properly train, monitor, and/or supervise Defendant John Doe II in order to ensure that

he would not misuse hazardous and dangerous products during the performance of a pedicure on a paying customer such as Plaintiff.

60.     As an employer, Defendant The Greenbrier Spa had duties and responsibilities as defined by West Virginia law and industry standards, including the duty to properly qualify Defendant John Doe II, the duty to properly train Defendant John Doe II, the duty to ensure proper use of hazardous products, and the duty to otherwise establish and implement necessary management controls and systems for the safe performance of pedicures in its establishment.

61.     Defendant The Greenbrier Spa was independently negligent and reckless in failing to meet their duties and responsibilities under West Virginia law and industry standards.

62.     On the date of the incident described herein, Defendant John Doe II was performing pedicures with the permission of, and under the authority of, Defendant The Greenbrier Spa.

63.     As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries described herein and from which she continues to suffer.

64.     Alone or in conjunction with the negligence and recklessness of Defendant John Doe II, Defendant The Greenbrier Spa's negligence and recklessness proximately caused Plaintiff to suffer serious and debilitating injuries and damages, including, but not limited to, personal injury and economic damage, both general and specific, some of which will be permanent and continue in the future.

65.     Defendant The Greenbrier Spa is liable to Plaintiff for all damages allowed by law for the injuries and losses sustained by Plaintiff as a result of Defendant John Doe II's negligence and recklessness and/or their own independent negligence and recklessness.

**COUNT IV – Punitive Damages**
**Defendant John Doe II and Defendant The Greenbrier Spa**

66.     The Plaintiff repleads, as though fully set forth herein, all other paragraphs of this Complaint.

67.     The conduct alleged herein against Defendant The Greenbrier Spa and Defendant John Doe II caused the harm described herein to Plaintiff Kathryn E. Ticknor.

68.     Defendant The Greenbrier Spa and Defendant John Doe II acted in a negligent, grossly negligent, careless, and reckless manner, which proximately caused the injuries to Plaintiff.

69.     The actions of Defendant The Greenbrier Spa and Defendant John Doe II, as alleged herein, evidence a conscious disregard for the rights and safety of other persons, having a great possibility of causing substantial harm.

70.     The conduct of Defendant The Greenbrier Spa and Defendant John Doe II, as alleged herein, entitles Plaintiff Kathryn E. Ticknor to an award of punitive damages.

**WHEREFORE**, Plaintiff Kathryn E. Ticknor seeks relief from the Defendants as follows:

A.      Compensatory damages, for past, present, and future medical expenses, loss of income, loss of household services and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

B.      General damages, for past, present, and future pain, suffering, loss of enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

C.      Attorney's fees, costs and expenses incurred in the prosecution of this claim;

D.      Pre-judgment and post-judgment interest as permitted by law;

E.      Punitive damages, to the extent that the same are supported by the facts of this case as this matter proceeds in discovery; and,

F.      Such other relief, available at law or in equity, and that is deemed appropriate as this matter matures for trial.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Dated this 20th day of March 2023.

14

Plaintiff, Kathryn E. Ticknor, by Counsel,


/s/ Douglas R. Miley

_____

Douglas R. Miley, Esq.
(W.V. State Bar I.D. No. 10611)
**THE MILEY LEGAL GROUP, PLLC**
229 West Main Street, Suite 400
Clarksburg, WV 26301
(304) 326-1800 – phone
(304) 326-1801 – facsimile
dmiley@mileylegal.com

15